IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:21-CR- |
| | | JUDGE |
| TULASIDAS KONDA (01) | § § | |

**INFORMATION**

THE UNITED STATES GRAND JURY CHARGES:

**COUNT 1**

Violation:  18 U.S.C. § 1956(h)
(Conspiracy to Commit Money
Laundering)

1. From in or about January 2019, and continuing through in or about August 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendant, **Tulasidas Konda**, did knowingly combine, conspire, and agree with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, that is:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud, a violation of 18 U.S.C. § 1343, and mail fraud, a violation of 18 U.S.C. § 1341, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

**Indictment – Page 1**

unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

    b.    to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, and mail fraud, a violation of 18 U.S.C. § 1341, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under state and federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii);

    c.    to knowingly transport and transmit and transfer and attempt to transport and transmit and transfer funds from a place in the United States to and through a place outside the United States knowing that the funds involved in the transportation represent the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

      unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, and mail fraud, a violation of 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

  d.  to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, and mail fraud, a violation of 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1957.

  All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 982(a)(1)

1. The allegation contained in Count 1 are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. §§ 1956 or 1957, the defendant, **Tulasidas Konda** shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

3. The property which is subject to forfeiture, includes but is not limited to the following:

    Cash Proceeds

    A sum of money equal to $4,172,061.58 in United States currency, and all interest and proceeds traceable thereto, representing property involved in the offense, for which the defendant is personally liable.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, or sold to, or deposited with a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Tulasidas Konda**.

  5. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

  All pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

          NICHOLAS J. GANJEI
          ACTING UNITED STATES ATTORNEY

          */s/ Nathaniel C. Kummerfeld*
          NATHANIEL C. KUMMERFELD
          ASSISTANT UNITED STATES ATTORNEY

          L. FRANK COAN, JR.
          ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:21-CR- |
| | § | JUDGE |
| TULASIDAS KONDA (01) | § | |

## NOTICE OF PENALTY

## COUNT 1

VIOLATION:     Title 18, United States Code § 1956(h)
Conspiracy to Commit Money Laundering

PENALTY:       Imprisonment of not more than twenty (20) years; the greater of a fine not to exceed $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or both such imprisonment and fine; and a term of supervised release of not more than three (3) years.

SPECIAL ASSESSMENT: $100.00